# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARK WATSON,                              )
                                         )
    Plaintiff,                          )    1:17-cv-06465
                                         )
v.                                       )
                                         )
                                         )    Magistrate Judge Susan E. Cox
LTF CLUB OPERATIONS COMPANY,             )
Inc., d/b/a LIFETIME FITNESS,            )
                                         )
    Defendant.                          )

## MEMORANDUM OPINION AND ORDER

For the reasons more fully discussed below, Defendant's Motion for Summary Judgment

[44] is DENIED.  Status hearing is set for 1/8/19 at 9:30 a.m. to set a pre-trial schedule.

### I.    Background

Defendant operates a fitness club, and Plaintiff was a member of that club.  (Dkt. 46 at ¶

14.)  On July 20, 2015, Plaintiff arrived at Defendant's location in Warrenville, Illinois between

3:30 a.m. and 4:15 a.m. and proceeded to the second floor of the gym.  (Dkt. 46 at ¶¶ 21-22.)  Near

the end of this workout, Plaintiff entered the second-floor bathroom with the intention of using the

stall.  (Dkt. 46 at ¶¶ 23-25.)  When Plaintiff entered the bathroom the lights were on.  (Dkt. 46 at

¶ 36.)  Plaintiff was in the stall for between ten and twenty minutes; before Plaintiff was able to

finish his bowel movement and exit the stall, the lights in the bathroom went off.  (Dkt. 46 at ¶¶

35-36.)  While it was dark, Plaintiff opened the stall door and took one or two steps forward before

he slipped on a slippery liquid on the floor, fell, and hit his head on a wall in front of the stall.

(Dkt. 46 at ¶¶ 37-38.)  As Plaintiff stood up and walked towards the exit of the bathroom, the lights

went back on.  (Dkt. 46 at ¶ 39.)  Dave Allen, a facilities engineer at the Defendant's Warrenville

1

location, testified that the lights in the relevant bathroom were controlled by a motion sensor that was set to turn off after 15 minutes of inactivity.  (Dkt. 46 at ¶¶ 47-48.)  Plaintiff alleges that he suffered a concussion and injuries to his neck, left leg, back, and foot.  (Dkt. 46 at ¶ 40.)

Defendants have produced a Membership Usage Agreement (the "Membership Agreement"), which contains two provisions relevant to the instant suit (together, the "Exculpatory Clauses").  First is the section entitled "Assumption of Risk," which reads in relevant part: "I understand that there are dangers, hazards, and risks of injury or damage some of which are inherent, in the use of Life Time's premises, facilities equipment, services, activities or products." (Dkt. 46-6.)  In the subparagraphs in this section, the terms in the assumption of risk are defined. For example, "the use premises facilities equipment, services, activities or products . . . can include but it's not limited to use of indoor and outdoor pools, waterslides, sauna, locker rooms, rock climbing structures, racquet courts, clinic or lab space, cafe, lobby, entryways, sidewalks, parking lots and any other facilities or equipment."  (Dkt. 46-6.)  The "dangers, hazards, and risks" are defined as including "slips, trips, collisions, falls, and loss of foot or balance, including 'slip and falls' . . . ."  (Dkt. 46-6.)

 The Membership Agreement also includes a section labeled "Waiver of Liability," which states:

> I hereby voluntarily and forever release and discharge Life Time from, covenant and and agree not to sue Life Time for, and waive, any claims, demands, actions causes of action, debts, damages, losses, costs, fees, expenses or any other alleged liabilities or obligations of any kind or nature . . . for any Injuries to me . . . in the Use of Life Time Premises and Services, which arise out of, or result from, or are caused by any Ordinary NEGLIGENCE OF LIFE TIME . . . .

(Dkt. 46-6).

The penultimate page of the Membership Agreement states "Signed by Member: Markus

Watson" and the last page has a signature and bears the date November 20, 2013. (Dkt. 46-6 at 4-5.) Plaintiff does not remember seeing or reading the Membership Agreement. (Dkt. 49 at ¶ 19.) When questioned at his deposition, Plaintiff testified that he "may have or may not have signed a document," but that he could not remember signing the Membership Agreement. (Dkt 46-1 at 63:2-11.)

Plaintiff filed the instant action in the Circuit Court of Cook County, alleging negligence (Count I) and premises liability (Count IV) against the Defendant. (Dkt. 46-3.) The case was then removed to federal court based on diversity of citizenship; Plaintiff is a citizen of Illinois and Defendant is a citizen of Minnesota. (Dkt. 1.) Defendant filed in the instant motion for summary judgment, arguing that the Exculpatory Clauses bar Plaintiff's claims. That motion is fully briefed and ripe for disposition by this Court.

## II.     Discussion

### A.     Summary Judgment Standard

For purposes of summary judgment, the Court will view all facts and draw all inferences in the light most favorable to the nonmoving party. *Smith v. Fusion Med. Spa*, *S.C.*, 836 F. Supp. 2d 773, 776 (N.D. Ill. 2011). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Lalowski v. City of Des Plaines*, 789 F.3d 784, 787 (7th Cir. 2015) (quoting Fed.R.Civ.P. 56(a)).

### B.     The Exculpatory Clauses Do Not Bar Plaintiff's Claims

Defendant argues that summary judgment is appropriate in this case because Plaintiff's claims are barred by the Exculpatory Clauses. Illinois courts allow parties to contract away their own negligence through the use of exculpatory clauses. *Cox v. U.S. Fitness, LLC*, 2 N.E.3d 1211, 1215 (Ill. App. Ct. 2013). Such clauses are valid and enforceable unless: 1) there is a substantial

disparity in the bargaining power of the parties, 2) it would violate public policy to uphold the clause, or 3) "there is something in the social relationship between the two parties that would militate against upholding the clause." *Garrison v. Combined Fitness Center, Ltd.*, 559 N.E.2d 187, 190 (Ill. App. Ct. 1990). However, such clauses are generally disfavored and strictly construed against the party they benefit. *Cox*, 2 N.E.3d at 1215. Therefore, as the court in *Garrison* explained:

> [A]n exculpatory clause, to be valid and enforceable, should contain clear, explicit, and unequivocal language referencing the type of activities, circumstances, or situations that it encompasses and for which the plaintiff agrees to relieve the defendant from a duty of care. In this way the plaintiff will be put on notice of the range of dangers for which he assumes the risks by exercising a greater degree of caution. The precise occurrence which results in the injury need not have been contemplated by the parties at the time the contract was entered into. It should only appear that the injury falls within the scope of possible dangers ordinarily accompanying the activity and, thus, reasonably contemplated by the plaintiff.

*Garrison*, 559 N.E.2d at 190 (internal citations omitted). "The foreseeability of a specific danger defines the scope" of the exculpatory clause, and the relevant inquiry is whether the Plaintiff knew or should have known the accident was a risk that was encompassed by his release." *Cox*, 2 N.E.3d at 1216.

The issue in this case is whether Plaintiff should have known about the specific danger that caused his injuries; the Court does not believe that he should. Although the Exculpatory Clauses are written as broadly as possible, the Court is required to construe them narrowly and against the Defendant. Here, the motion sensor light was set to go off within 15 minutes of a patron entering the second-floor bathroom, and apparently placed in a location that would not register the movement of a person exiting the toilet stall. As such, any person alone in the toilet stall for more than 15 minutes would be forced to find their way out of the bathroom in the dark. To the extent

that this constitutes negligence – an issue that the Court need not reach for purposes of the instant motion – it is not the type of danger that would be reasonably foreseeable to an individual signing up for a gym membership. It is certainly not referenced in "clear, explicit, and unequivocal language." *See Garrison*, 559 N.E.2d at 190. In fact, bathrooms are not listed anywhere in the definitions of the "use of Life Time's premises, facilities, equipment, services, activities or products." (Dkt. 46-6.) At best, the bathroom and/or the light switch would be captured by the catch-all phrase, "any other facilities or equipment," but relying on such a nebulous catch-all is antithetical the requirement that the Plaintiff be on notice of the specific risk through explicit language.

The cases relied on by Defendant are factually distinguishable from the instant suit.[1] In *Owen v. Vic Tanny's Enterprises*, 199 N.E. 2d 280, 281 (Ill. App. 1964), the court held that a fitness center's broadly worded exculpatory clause barred the plaintiff's injuries after slipping and falling in a shower room adjacent to a swimming pool. In *Kubisen v. Chicago Health Clubs*, 388 N.E.2d 44, 45-46 (Ill. App. 1979), a similarly worded exculpatory clause barred plaintiff's negligence claim following a slip and fall in the steam room of the defendant fitness club. If Plaintiff were simply claiming that he suffered as a result of a slip and fall in the bathroom, these cases might carry the day. However, Plaintiff is claiming that he slipped and fell because he could not see the liquid that had accumulated on the floor of the bathroom due to a motion sensor light that had been negligently placed and set to an unreasonably short time setting before its automatic shut-off function was triggered. That is a crucial distinguishing factor that removes Plaintiff's claims from a foreseeable risk encompassed by the Exculpatory Clauses to one that the Court does

---

[1] The Court is aware that it previously upheld a slightly different version of Defendant's Exculpatory Clauses in *Titschler v. LTF Club Operations Co.*, 15-cv-0664, 2016 WL 1613545, at *3-5 (N.D. Ill. Apr. 22, 2016). However, in that case, the alleged injury was caused by malfunctioning fitness equipment, which is clearly within the foreseeable dangers accompanying a gym membership. *Id.* at *3.

not believe is barred by the Exculpatory Clause.  Instead this case is more closely related to the cases cited in Plaintiff's brief, where courts have held that liability waivers did not cover the specific injury suffered.  *See Hawkins v. Capital Fitness, Inc.*, 29 N.E.3d 442, 448 (Ill. App. 2015) (mirror falling of the wall not foreseeable risk); *Offord v. Fitness Int'l, LLC*, 44 N.E.3d 479, 484-85 (Ill. App. 2015) (leak from defective roof or skylight not foreseeable risk).  As such, the Court holds that the Plaintiff's claims are not barred by the Exculpatory Clause, and denies Defendant's motion for summary judgment.[2]

## CONCLUSION

Defendant's Motion for Summary Judgment [44] is DENIED.  Status hearing is set for 1/8/19 at 9:30 a.m. to set a pre-trial schedule.

**ENTERED:**

**DATED:** December 20, 2018

Susan E. Cox
United States Magistrate Judge

---

[2] Because the Court finds that the Exculpatory Clauses do not cover the allegations in this case, it does not reach the other issues raised in the parties' briefs, including whether Plaintiff ever signed the Membership Agreement, or whether the Exculpatory Clauses are against public policy.